# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| BARBARA ARNOLD, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-3830 |
| | § | |
| WELLS FARGO BANK, NA, | § | |
|     Defendant. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion for Summary Judgment ("Motion") [Doc. # 11] filed by Defendant Wells Fargo Bank, NA ("Wells Fargo"). Plaintiff Barbara Arnold, through counsel, neither filed a response in opposition to the Motion nor requested additional time to do so. Pursuant to the Local Rules of the United States District Court for the Southern District of Texas, failure to respond to a motion is taken as a representation of no opposition. S.D. TEX. R. 7.3, 7.4. However, when a plaintiff fails to respond to a defendant's Motion for Summary Judgment, the Court must nevertheless consider the merits of the Motion. *Resolution Trust Corp. v. Starkey*, 41 F.3d 1018, 1022-23 (5th Cir. 1995). Having carefully reviewed the full record and applied governing legal authorities, the Court **grants** Wells Fargo's Motion.

## I.      FACTUAL BACKGROUND

On August 11, 2005, Plaintiff executed a Deed of Trust granting a lien on real property located at 4315 Laurel Drive, Houston, Texas (the "Property").  The Deed of Trust was security for a promissory note on a loan to Plaintiff in the original principal amount of $157,500.00 (the "Note").  The Note and the Deed of Trust were assigned to Wells Fargo.  Plaintiff has been in arrears on her payments on the Note since July 2007.

Plaintiff filed this lawsuit in Texas state court on October 4, 2010, to stop a foreclosure scheduled for October 5, 2010.  Plaintiff complained that Wells Fargo posted her house for foreclosure even though it knew she was having problems collecting insurance proceeds from her insurance company in connection with damage to her home during Hurricane Ike.  Plaintiff alleged also that Wells Fargo "resumed foreclosure proceedings" even though it was aware that Plaintiff was attempting to resolve the insurance problem and was investigating "short sale alternatives." Plaintiff alleged also that Defendant failed to meet the acceleration and default requirements of her promissory note.  Plaintiff failed, however, to assert any claim or cause of action against Wells Fargo.

Wells Fargo removed the case to federal court.  After an adequate time to complete discovery, Wells Fargo moved for summary judgment.  The Motion is ripe for decision.

## II.   STANDARD FOR SUMMARY JUDGMENT

Rule 56 of the Federal Rules of Civil Procedure provides for the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *see also Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.,* 289 F.3d 373, 375 (5th Cir. 2002).  Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  FED. R. CIV. P.  56(c); *Celotex Corp.*, 477 U.S. at 322–23; *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008).

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact."  *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005).

The moving party may meet its burden by pointing out "'the absence of evidence supporting the nonmoving party's case.'" *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (quoting *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 913 (5th Cir. 1992)).

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted). In deciding whether a genuine and material fact issue has been created, the facts and inferences to be drawn from them must be reviewed in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). However, factual controversies are resolved in favor of the non-movant "only 'when both parties have submitted evidence of contradictory facts.'" *Alexander v. Eeds*, 392 F.3d 138, 142 (5th Cir. 2004) (quoting *Olabisiomotosho v. City of Houston,* 185 F.3d 521, 525 (5th Cir. 1999)).

The non-movant's burden is not met by mere reliance on the allegations in the non-movant's pleadings. *See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002). In the absence of any proof, the court will not assume

that the non-movant could or would prove the necessary facts.  *Little*, 37 F.3d at 1075

(citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

## III.   ANALYSIS

Plaintiff does not assert any cause of action against Wells Fargo, but complains

generally that it should not be allowed to foreclose on the Property.  It is undisputed

that Plaintiff executed the Note and the Deed of Trust.  Defendant has presented

uncontroverted evidence that it is the owner and holder of the Note.  It is undisputed

that Plaintiff is obligated under the terms of her promissory note to pay $321.49 on

a bi-weekly basis.  *See* Original Petition, Exh. 3 to Notice of Removal [Doc. # 1],

¶ IV(1).  It is uncontroverted that Plaintiff has been in arrears on these payments since

July 2007.

Defendant served Requests for Admission to Plaintiff on April 12, 2011.  To

date, Plaintiff has failed to respond to the Requests for Admission.  As a result, the

requested admissions are deemed admitted.  *See* FED. R. CIV. P. 36(a)(3).  By failing

to respond to the Requests for Admission, Plaintiff has admitted that Defendant

performed all of its contractual obligations under the Note and the Deed of Trust, and

that she failed to perform her contractual obligations and is in breach of those

agreements.  Plaintiff has admitted that she is in default and that Wells Fargo is

entitled to foreclose on the Property due to that default.  As a result, the

uncontroverted evidence establishes that Wells Fargo is entitled to foreclose on the Property.

## IV.    CONCLUSION AND ORDER

Plaintiff has failed to present evidence to support any assertion that Wells Fargo is not legally entitled to foreclose on the Property.  Indeed, in the allegations in the Original Petition and by her failure to respond to Defendant's Requests for Admission, Plaintiff has admitted facts that support Wells Fargo's right to foreclose on the Property.  Accordingly, it is hereby

**ORDERED** that Defendant's Motion for Summary Judgment [Doc. # 11] is **GRANTED**.   The Court will issue a separate Final Judgment.

SIGNED at Houston, Texas this 10th day of **August, 2011**.

Nancy F. Atlas
United States District Judge